**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**HELEN McANALLY**                                                                  **PLAINTIFF**

**V.**                                                   **CASE NO. 1:07CV184**

**FIDELITY AND GUARANTY LIFE INSURANCE COMPANY**         **DEFENDANT**

## ORDER

This cause comes before the court on the defendant's motion [10] and supplemental motion [12] to set aside the clerk's entry of default and accept its answer and defenses. The plaintiff has responded in opposition, and this court is prepared to rule.

On August 6, 2007, Helen McAnally filed the instant civil suit in the Northern District of Mississippi against Fidelity and Guaranty Life Insurance Company ("Fidelity"). McAnally's complaint alleges that Fidelity violated Miss. Code Ann. § 83-53-9 by accepting a premium for Policy No. L0357129, then refusing to pay her as beneficiary of the policy. Fidelity's registered agent in Baltimore, Maryland was served process by certified mail on August 21, 2007. Fidelity did not answer the complaint, and McAnally subsequently moved for entry of default on October 24, 2007. The clerk entered a default in her favor on that day.

Fidelity's registered agent received the entry of default on or about October 30, 2007. On November 2, 2007, Fidelity simultaneously filed a motion to set aside the entry of default and its answers and defenses to the complaint. Fidelity contends that the entry of default should be set aside because the failure to file a timely answer was not willful, McAnally was not prejudiced by the delay, Fidelity has a colorable defense to the merits of the claim, and Fidelity acted expeditiously to correct the entry of default.

Entries of default judgments are "generally disfavored in the law," and "where there are

no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). An entry for default may be set aside for good cause. Fed. R. Civ. P. 55(c). Courts will consider, but are not limited to, three factors when determining whether good cause exists: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Lacy*, 227 F.3d at 292. Courts may also take other factors into account; however, "the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause.'" *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). For example, courts have considered "whether the defendant acted expeditiously to correct the default." *Id*.

As Fidelity contends in this case, the failure to file a timely answer was not willful. This is "not a case of a defendant's 'choosing to play games' with the district court by failing to act on the litigation." *Lacy*, 227 F.3d at 290 (quoting *Dierschke*, 975 F.2d at 183). Fidelity demonstrated its intention of litigating the case by retaining counsel in August. The answer was not filed because Fidelity mistakenly failed to inform its retained counsel of the service of process and referred the issue to a different attorney used by Fidelity on other occasions. Associate general counsel Cynthia Maskol has submitted an affidavit supporting Fidelity's assertion of its failure to communicate with the proper counsel. Upon receiving the entry of default on October 30, 2007, Fidelity immediately notified the retained counsel of its error and that it had been served with process. Within three days, Fidelity's attorney had filed the motion at issue.

In addition, McAnally has offered nothing to suggest that she would be prejudiced if the default were to be set aside. To support a claim of prejudice, "'the plaintiff must show that the

delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Lacy*, 227 F.3d at 293 (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). A plaintiff is not prejudiced when setting aside a default would cause "no harm to the plaintiff except to require it to prove its case." *Gen. Tel. Corp. v. Gen. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960). "Mere delay does not alone constitute prejudice." *Lacy*, 227 F.3d at 293.

In determining whether a defendant presents a meritorious defense, the court will look to see if "there is a fair probability of success on the merits if the judgment were set aside." *U.S. v. One 1978 Piper Navajo PA-31 Aircraft*, 748 F.2d 316, 319 (5th Cir. 1984). Fidelity asserts that its refusal to pay McAnally was based on the fact that the insured, the plaintiff's late husband, made material misrepresentations on his application for the insurance policy at issue. This court finds that the defense meets the required standard.

Finally, as noted above, Fidelity acted promptly to correct its mistake. The motion at issue was filed within the same week that it received notice of the clerk's entry of default.

ACCORDINGLY, the court finds that the defendant has shown good cause for its delay and as such, Fidelity's motion to set aside the clerk's entry of default and accept its answers and defenses is GRANTED.

This the 28th day of May, 2008.

                                            **/s/ MICHAEL P. MILLS**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**
                                            **NORTHERN DISTRICT OF MISSISSIPPI**